UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**MISC 18 - 3304**

**WEINSTEIN, J.**

In re *Ex Parte* Application of SHIRA ISRAELLA KLEIN-BENTSUR for an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782,

Petitioner.

Misc. Case No. M-_____

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   DEC 1 2 2018   ★

BROOKLYN OFFICE

**MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782**

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................1

BACKGROUND ............................................................................................................................1

ARGUMENT ..................................................................................................................................4

    I.    PETITIONER SATISFIES THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782............................................................................................................5

    II.   THE COURT SHOULD EXERCISE ITS DISCRETION TO GRANT THE REQUESTED DISCOVERY ORDER ..............................................................6

    III.  THE COURT SHOULD GRANT PETITIONERS' APPLICATION *EX PARTE*..................................................................................................................8

CONCLUSION ................................................................................................................................8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Intern. (USA) Ltd.*,
 785 F.Supp.2d 434 (S.D.N.Y. 2011) ............................................................................................7

*In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf*
 No. M 19-99, 2006 WL 3844464 (S.D.N.Y. Dec. 29, 2006).......................................................7

*In re Application of Gorsoan Ltd. and Gazprombank OJSC for an Order Pursuant
 to 28 U.S.C. 1782 to Conduct Discovery for Use in a Foreign Proceeding*,
 No. 13 Misc. 397, 2014 WL 7232262 (S.D.N.Y. Dec. 10, 2014) ...............................................8

*In re Application of Hornbeam Corp.*,
 No. 14 Misc. 424, 2014 WL 8775453, *4 (S.D.N.Y. Dec. 24, 2014) .........................................7

*Brandi-Dohrn v. 1KB Deutsche IndustriebankAG*,
 673 F.3d 76 (2d Cir. 2012).......................................................................................................5, 6

*In re Chevron Corp.*,
 No. 10-mc-00002 (LAK) (S.D.N.Y. Aug. 6, 2010).....................................................................8

*Euromepa S.A. v. R. Esmerian, Inc.*,
 51 F.3d 1095 (2d Cir. 1995).........................................................................................................7

*In re Ex Parte Application of Porsche Automobil Holding SE for an Order
 Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in
 Foreign Proceedings*, 15-mc-417 (LAK) 2016 WL 702327, at *5 (S.D.N.Y.
 Feb. 18, 2016) .............................................................................................................................8

*Intel Corp. v. Advanced Micro Devices, Inc.*,
 542 U.S. 241 (2004).................................................................................................................5, 6

*Lancaster Factoring Co. Ltd. v. Mangone*.
 90 F.3d 38 (2d Cir. 1996).............................................................................................................4

*Schmitz v. Bernstein Liebhard & Lifshitz, LLP*,
 376 F.3d 79 (2d Cir. 2004)...........................................................................................................6

**Statutes**

28 U.S.C. § 1782................................................................................................................... *passim*

Petitioner, Shira Israella Klein-Bentsur, respectfully submits this memorandum of law in support of her application for an order, pursuant to 28 U.S.C. § 1782, to conduct discovery for use in foreign proceedings by serving a subpoena on Advanced Inhalation Therapies AIT Ltd. ("AIT") and PROSENESTAR LLC ("PROSENESTAR").

## PRELIMINARY STATEMENT

Petitioner is in the midst of contentious divorce, alimony, and child support proceedings currently pending in Rabbinical Court in Israel. In those proceedings, her husband, Ron Bentsur, is misrepresenting the parties' net worth, hiding information about the scope and whereabouts of the parties' assets, and dissipating such assets for his benefit and/or the benefit of his mistress and family members. Mr. Bentsur has seemingly engaged in this activity to minimize his alimony, child support payment obligations, and size of the matrimonial estate. While the Rabbinical Court imposed a worldwide freezer on his assets to prevent their further dissipation, Petitioner has been unable to identify the scope or whereabouts of these assets. Petitioner therefore brings this application under 27 U.S.C. § 1782 to obtain discovery concerning her husband's assets from companies in which her husband has economic interests that are located in this District. This discovery will aid the pending Rabbinical Court proceedings currently pending in Israel.

## BACKGROUND

Petitioner and Ron Bentsur married on June 9, 1999. (*See* Declaration of Shira Israella Klein-Bentsur in Support of *Ex Parte* Application for an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 (the "Klein-Bentsur Affidavit") at ¶ 4). Petitioner gave up her career in the investment industry to raise their three children, each of whom has special needs (*Id.* at ¶¶ 4-5). The family moved to New Jersey, wherein Mr. Bentsur's career as an executive in the pharmaceutical field skyrocketed. He became CEO of Keryx Biopharmaceuticals Inc. ("Keryx"), XTL Biopharmaceuticals Ltd. ("XTL"), and Urogen Pharma

Ltd., served as director for Stemline Therapeutics, Inc., XTL, and AIT, earned the reputation as one of the most talented managers in the biomedical field, and earned large sums of money and equity. (*Id.* at ¶¶ 6-8).

But his marriage with Petitioner dwindled, due in large part to his emotionally abusive behavior towards Petitioner and their three children. (*Id.* at ¶ 9). By 2014, Petitioner returned to Israel with their three children, while Mr. Bentsur stayed in New Jersey with the intent of rejoining his family in Israel upon the termination of his contract with Keryx later that year. (*Id.* at 10). He also purported to use his time to seek therapy on his abusive behavior and anxieties. (*Id.*). But when he returned to Israel in 2015, Mr. Bentsur's behavior actually worsened and he ultimately moved into a separate dwelling to temper his careening behavior. (*Id.*).

After Petitioner and Mr. Bentsur filed a child support action in Israeli Family Court, they initiated mediation and counseling but were unable to agree to divorce terms. (*Id.* at ¶ 11). Mr. Bentsur then initiated the divorce and alimony matter in the Rabbinical Court, which took the case and required disclosures from the parties. (*Id.*). In those disclosures, including, *inter alia*, his discussions with Petitioner, Mr. Bentsur represented that the parties co-owned the following assets: (i) a house in Tenafly, New Jersey; (ii) a Merrill Lynch account worth $2 million; (iii) an Oppenheimer & Co. account worth $1.9 million; (iv) an investment account in a private fund managed by Mr. Alon Even worth about $1.8 million; (v) an investment in the MYGSTONE SAI Fund worth about $1 million; (vi) a JPMorgan Chase & Co. account worth about $1 million; (vii) an investment in a New Jersey Real estate fund managed by Mr. Dan Kaplan worth about $500,000; (viii) a TD Bank, N.A. account worth about $400,000; (ix) a First Trade Union Bank account worth about $100,000; (x) a Wells Fargo account worth about $2,500; (xi) a Bank Hapoalim account worth about 400,000 Israeli Shekel ("NIS"); (xii) a second Bank Hapoalim

account (number 396439); (xiii) a Bank Leumi account (number 3803374418); and (xiv) an unidentified "bank account in Europe which was opened many years ago." (*Id.* at ¶¶ 14-15).

These disclosures grossly understate Mr. Bentsur's assets. (*Id.* at ¶ 16). Petitioner hired professionals who conducted an investigation that showed Mr. Bentsur had additional assets that he had hidden from Petitioner and the Rabbinical Court and the Family Court and was diverting to relatives and his mistress. (*Id.*). Such assets include: (i) a JPMorgan Chase & Co. account in the United States worth about $5.02 million; (ii) a Bank Leumi account in England worth about £2.9 million; (iii) a Mizrahi Tehafot Bank Ltd. account in Israel worth about $2 million; (iv) a UBS AG account in the United States worth about $2.7 million; (v) an ASB Bank account in New Zealand worth about $1.7 million; (vi) an RBC account in the Bahamas worth about $1.2 million; (vii) an RBC account in the United States worth about $1 million; (viii) an ABN AMRO account in the United States worth about $1 million; (ix) a Bank Leumi account in the United States worth about $815,000; (x) an HSBC account in the United States worth about $650,000; (xi) a BNY Mellon account in the United States worth about $530,000, (xii) a Wells Fargo account in the United States worth about $436,000; (xiii) a Bank of Ireland account in the United Kingdom worth about €300,000; (xiv) a Santander Bank account worth about $200,000; and an RBC account in Japan worth about ¥63 million. (*Id.* at ¶ 17). Petitioner's investigation showed Mr. Bentsur had moved millions of dollars of money since 2015 to unknown bank accounts and to purchase luxurious apartments for his mistress and his brother. And the investigation showed Mr. Bentsur has economic interests in AIT, XTL, Nextgen Healthcare Information Systems, E-QURE Corp., Amnalon LLC, PROSENESTAR, MIG IRC LLC, and Israel Biotech Fund. (*Id.* at ¶ 19).

Since Petitioner's investigation, Mr. Bentsur has threatened to leave her and their three special-needs children without money and taken several steps to make such threats a reality. (*Id.*

3

at ¶ 29). He tried to empty their joint accounts at Bank Hapoalim, JPMorgan, and TD Bank, N.A. (*Id.*). He stopped having his salary, compensation as director, and investment income deposited in their joint accounts. (*Id.* at ¶ 30). And he refused to share their joint tax returns with Petitioner, going as far as to order their accountants not to share this information with her. (*Id.* at ¶¶ 23-25). Given this behavior, the Rabbinical Court ordered Israeli banks and financial institutions to freeze his assets and imposed a Mareva Injunction that froze his assets outside of Israel. (*Id.* at ¶¶ 2 and 31). But these freezers have been of little use to Petitioner given her lack of information as to the scope of such assets and their whereabouts.

## ARGUMENT

Section 1782 of Title 28 of the United States Code permits the United States District Courts to grant discovery for use in a foreign proceeding. The statute, in relevant part, states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person.

28 U.S.C. § 1782. The goals of this statute are twofold: "to provide equitable and efficacious discovery procedures in the United States courts for the benefit of tribunals and litigants involved in international litigation, and to encourage foreign countries to provide similar means of assistance to [Untied States] courts." *Lancaster Factoring Co. Ltd. v. Mangone.* 90 F.3d 38, 41 (2d Cir. 1996) (internal quotations and citations omitted). "In pursuit of these twin goals, the section has, over the years, been given increasingly broad applicability." *Id.* (internal quotations and citations omitted).

When a court finds that the statutory requirements of 28 U.S.C. § 1782 are met, it may, in its discretion, grant an application for discovery. The United States Supreme Court has articulated a number of factors the district courts should consider when weighing an application under Section

4

1782. As set forth in greater detail below, all these discretionary factors weigh in favor of granting Petitioners the requested discovery.

### I. PETITIONER SATISFIES THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782

Courts are authorized to grant an application made pursuant to 28 U.S.C. § 1782 where "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Brandi-Dohrn v. IKB Deutsche IndustriebankAG*, 673 F.3d 76, 80 (2d Cir. 2012). Petitioners' application satisfies all three statutory requirements.

**First**, each of the subpoenaed entities are located in this district. (*See* Klein-Bentsur Affidavit at ¶ 34). Petitioner seeks records that should be held by these entities in ordinary course of business, and which each of these entities should be able to easily produce in this District.

**Second**, the discovery sought is for use in foreign proceedings, *i.e.*, the currently pending Rabbinical Court matter in Israel. (*Id.* at ¶¶ 11 and 33). However, to the extent that the requested discovery identifies assets properly belonging to Mr. Bentsur, Petitioner also contemplates filing any and all actions necessary to recover those assets, wherever those assets may be found. *See, e.g., Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004) ("[W]e hold that § 1782(a) requires only that a [proceeding] be within reasonable contemplation.").

**Third**, Petitioner constitutes an "interested person" authorized to bring this application as the counterparty to Mr. Bentsur in a divorce matter, in which the assets in question are part of the matrimonial estate that is subject to distribution in that matter. (*See* Klein-Bentsur Affidavit at ¶¶ 11 and 33).

Thus, each of the requisite statutory elements necessary to permit this Court to order discovery under 28 U.S.C. § 1782 is satisfied.

## II. THE COURT SHOULD EXERCISE ITS DISCRETION TO GRANT THE REQUESTED DISCOVERY ORDER

"Once the statutory requirements [of 28 U.S.C. § 1782] are met, a district court is free to grant discovery in its discretion." *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83-84 (2d Cir. 2004). The Supreme Court has identified a number of factors that the district courts are to consider in ruling on a § 1782 application: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceeding underway abroad, and the receptivity of the foreign court to federal-court assistance; (3) whether the application conceals an attempt to circumvent foreign proof gathering restrictions of a foreign country; and (4) whether the application is unduly intrusive or burdensome. *See Intel Corp.*, 542 U.S. at 264-65; *Brandi-Dohrn*, 673 F.3d at 80-81. Here, all of these factors weigh in favor of granting Petitioner's application.

First, where, as here, discovery is sought from entities that are not participating in the foreign proceedings, the need for court-ordered discovery is apparent. As the Supreme Court explained, "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceedings may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel Corp.*, 542 U.S. at 264 (internal citations omitted).

The second factor identified by the Supreme Court—the nature of the foreign proceedings and the receptivity of the foreign tribunal to federal court assistance—requires courts to consider "(1) whether the United States' assistance would offend the foreign country, and (2) whether the

6

material sought is admissible in the foreign tribunal." *In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf* No. M 19-99, 2006 WL 3844464, at *6 (S.D.N.Y. Dec. 29, 2006). In weighing these elements, courts may only rely on "authoritative proof." *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995). Here, there is no evidence that the discovery sought in this application would "offend" Israel. Nor is there any indication that the documents sought would be inadmissible in Israel. To the contrary, the discovery requested consists of ordinary business records held by the subpoenaed entities in the ordinary course of business.

The third factor also suggests that discovery should be granted, as this application is not an attempt to circumvent any foreign proof-gathering restrictions. "[T]he burden is on the opponent of a § 1782 request to prove that the foreign court would reject the evidence obtained through § 1782." *In re Application of Hornbeam Corp.*, No. 14 Misc. 424, 2014 WL 8775453, at *4 (S.D.N.Y. Dec. 24, 2014); *see also Euromep S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1099-1100 (2d Cir. 1995) ("[W]e believe that a district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782."). The discovery sought in this application does not, to Petitioner's knowledge, violate any restrictions under Israeli law on evidence gathering.

Finally, this application is not burdensome. The business records sought here are routinely sought for and produced under 28 U.S.C. § 1782 petitions. *See, e.g., In re Application of Hornbeam Corp.*, No. 14 Misc. 424, 2014 WL 8775453, at *5 (S.D.N.Y. Dec. 24, 2014) (ordering production of bank records, including wire transfers, pursuant to § 1782); *Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Intern. (USA) Ltd.*, 785 F.Supp.2d 434, 437 (S.D.N.Y. 2011) (granting § 1782 petition seeking disclosure of account statements, account opening materials, customer files, and due diligence materials).

### III. THE COURT SHOULD GRANT PETITIONERS' APPLICATION *EX PARTE*

The Court should grant Petitioner's application *ex parte*. *Ex parte* applications under 28 U.S.C. § 1782 are routine in this district. *In re Ex Parte Application of Porsche Automobil Holding SE for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings*, 15-mc-417 (LAK) 2016 WL 702327, at *5 (S.D.N.Y. Feb. 18, 2016); and *In re Application of Gorsoan Ltd. and Gazprombank OJSC for an Order Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in a Foreign Proceeding*, No. 13 Misc. 397, 2014 WL 7232262, at *5 (S.D.N.Y. Dec. 10, 2014). As noted by Judge Kaplan:

> Applications pursuant to 28 U.S.C. § 1782 are frequently granted *ex parte*. Where, as here, the application is for the issuance of subpoenas, no substantial rights of the subpoenaed person are implicated by such action, as the subpoenaed person, once served, is entitled to move to quash or modify the subpoenas.

*In re Chevron Corp.*, No. 10-mc-00002 (LAK) (S.D.N.Y. Aug. 6, 2010). The subpoenaed entities will not be prejudiced by granting Petitioner's application *ex parte* as they will have an opportunity to challenge the discovery Petitioner is seeking once it is served.

### CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court endorse the Proposed Order annexed to the *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings ("Application") as Exhibit A, to serve the subpoenas annexed to the Application as Exhibit B.

Dated: December 12, 2018
      New York, New York

BAKER & HOSTETLER LLP

_____
Oren J. Warshavsky
owarshavsky@bakerlaw.com

8

                                                Marco Molina
                                                mmolina@bakerlaw.com
                                                45 Rockefeller Plaza
                                                New York, NY 10111
                                                Telephone: (212) 589-4200
                                                Facsimile: (212) 589-4201

Of Counsel:

Gonzalo S. Zeballos
gzeballos@bakerlaw.com
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201