UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

In re ex parte application of SHIRA ISRAELLA KLEIN-BENTSUR for an order to conduct discovery in a foreign proceeding pursuant to 28 U.S.C. § 1782,

                                      Petitioner.

**MEMORANDUM AND ORDER**

18-MC-3304 (LDH)

LaSHANN DeARCY HALL, United States District Judge:

      Petitioner Shira Israella Klein-Bentsur applies ex parte, pursuant to 28 U.S.C. § 1782 and Rules 26 and 45 of the Federal Rules of Civil Procedure, for an order to conduct discovery in foreign proceedings. (ECF No. 1.) "In ruling on an application made pursuant to section 1782, a district court must first consider the statutory requirements and then use its discretion in balancing a number of factors." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012). The statute authorizes a district court to grant a request for discovery where "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Id.* The instant petition meets these jurisdictional requirements.

      With respect to the use of the Court's discretion, the United States Supreme Court has outlined four "factors that bear consideration in ruling on a § 1782(a) request": (1) whether the person from whom discovery is sought is a participant in the foreign proceedings at issue; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the "request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States": and (4) whether the

request is "unduly intrusive or burdensome." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).  Having considered these factors, the Court finds that permitting discovery in this case is appropriate.

Notably, in discussing the second of the four discretionary factors above, Petitioner erroneously asserts that the Court must consider "whether the material sought is admissible in the foreign tribunal" and "may only rely on 'authoritative proof'" of admissibility.  (Mem. Law Supp. Ex Parte Appl. Order Conduct Disc. Use Foreign Proceedings Pursuant 28 U.S.C. § 1782 ("Mem.") at 6–7, ECF No. 2 (citing *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995); *In re Application of Gemeinschaftspraxis Dr. Med. Schottdorf*, No. M 19-99, 2006 WL 3844464, at *6 (S.D.N.Y. Dec. 29, 2006)).  Were the Court to follow this standard, it very well may have denied the instant petition.  This is so because, on this point, Petitioner offers only that there is no "indication that the documents sought would be inadmissible in Israel."  (Mem. 7.)  This is a logical fallacy.  The absence of evidence that the material sought would be inadmissible in the foreign tribunal is not authoritative proof that the material sought would be admissible there.  Fortunately for Petitioner, the law is otherwise.  As the Second Circuit held in *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, "a district court . . . should *not* consider the admissibility of evidence in the foreign proceeding in ruling on a section 1782 application."  673 F.3d at 82 (emphasis added).

Finally, in urging this Court to grant her request ex parte, Petitioner states that "§ 1782 applications are routine in this district."  (Mem. 8.)  However, for this proposition, Petitioner cites only cases from courts in the Southern District of New York.  This Court, of course, sits in the Eastern District of New York.

2

Nonetheless, for the reasons stated above, the application is GRANTED.

                                                                  SO ORDERED.

Dated: Brooklyn, New York                   s/ LDH
       January 17, 2019                        LaSHANN DeARCY HALL
                                                  United States District Judge